IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL R. BYNUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil No.  11-cv-315-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted. **(Doc. 17).**[1]

Plaintiff, an inmate in the Bureau of Prisons, filed a complaint seeking judicial review of the denial of his claim for social security disability benefits.  Defendant filed her Motion to Dismiss on February 7, 2013, arguing that this Court lacks subject matter jurisdiction because plaintiff did not exhaust administrative remedies with respect to his application for benefits.  On that same date, the Court issued an order directing plaintiff to respond to the motion by March 14, 2013.  In that order, the Court informed plaintiff that failure to respond to the motion would be construed as an admission that the motion is well-taken and should be granted.  **See, Doc. 18.**

Doc. 18 was returned as undeliverable because plaintiff was transferred to another location in the BOP.  After learning of his current location, additional copies of Docs. 17 and 18

---

[1] This case was referred to the undersigned for final disposition upon consent of the parties, pursuant to 28 U.S.C. §636(c).  See, Doc. 15.

1

were mailed to plaintiff at FCC-Beaumont on March 1, 2013.  See, Doc. 23.  The Court is confident that plaintiff received those documents because they have not been returned and because Mr. Bynum recently filed a document in his criminal case indicating he is still at FCC-Beaumont.  See, *U.S. v. Bynum*, 05-cr-30090-GPM, Doc. 17.

Plaintiff has failed to respond in any way to defendant's motion.  The Court deems the failure to respond to be an admission of the merits of the motion.  SDIL-LR 7.1(c).

It is clear that defendant's motion should be granted.  The documents attached to the motion establish that Mr. Bynum had not even filed a claim for social security disability benefits before filing his complaint.  Pursuant to 42 U.S.C. 405(g), this Court's jurisdiction is limited to review of a "final decision of the Commissioner of Social Security made after a hearing."  See, **Heckler v. Ringer, 466 U.S. 602, 617 (1984)**.  As plaintiff had not even applied for benefits at the time he filed his complaint, there is, obviously, no final decision subject to judicial review.

As the Commissioner also points out, plaintiff made vague references to other claims in his complaint and civil cover sheet.  He used the form Complaint for Review of a Social Security Decision, but wrote on it "4190, S.O.S. help, Bill of Rights."  On the civil cover sheet, he checked the boxes for numerous codes in the "nature of suit" section, and wrote that he requests housing, welfare, social security and medical support.  These vague references are insufficient to state any claim for relief as they do not set forth the grounds for the court's jurisdiction and they do not constitute "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed.R.Civ.P. 8(a).

For the foregoing reasons, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted **(Doc. 17)** is **GRANTED**.  Plaintiff's complaint is dismissed with prejudice.

The Clerk of Court shall enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATE:  April 4, 2013**.


                                      <u>**s/ Clifford J. Proud**</u>
                                      **CLIFFORD J. PROUD**
                                      **UNITED STATES MAGISTRATE JUDGE**